UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL CURTIS,

    Plaintiff,

v.                                             Case No. 8:19-cv-177-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1953, is high school educated, and has past relevant work experience as a building inspector. (R. 21-22). In December 2015, the Plaintiff applied for DIB, alleging disability as of November 19, 2015, due to a knee injury. (R.

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this suit.

147-50, 174). The Social Security Administration (SSA) denied his application both initially and on reconsideration. (R. 51-73).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on May 14, 2018. (R. 29-45). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. (R. 32-38). A vocational expert (VE) also testified. (R. 39-44).

In a decision dated May 30, 2018, the ALJ found that the Plaintiff: (1) met the insured status through December 31, 2018, and had not engaged in substantial gainful activity since his alleged onset date of November 19, 2015; (2) had the severe impairments of obesity and status post left quadriceps tendon repair; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform light work with some additional functional limitations, including—of relevance here—the ability to frequently climb ramps and stairs and occasionally[2] climb ladders, ropes, and scaffolds; and (5) based in part on the VE's testimony, could engage in his past relevant work as a building inspector and, alternatively, could make a successful adjustment to other jobs that exist in significant numbers in the national economy—namely, retail sales person, lumber grader, and appointment clerk. (R. 12-23). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 23).

---

[2] Occasionally means occurring from very little to up to one-third of the time. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5 (S.S.A. 1983).

The Appeals Council denied the Plaintiff's request for review. (R. 1-8). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[4] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national

---

[3] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

economy given his RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.* In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.

2005)). Indeed, it is the province of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971).[5] Thus, the Court's role is confined to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Moore*, 405 F.3d at 1211. Where this quantum of evidence exists, the Court must affirm the Commissioner "even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Philips*, 357 F.3d at 1240 n.8).

"[W]hile the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

III.

The Plaintiff raises two arguments on appeal: (1) the ALJ erred at step four of the sequential evaluation process in determining that the Plaintiff had the RFC to engage in his past work as a building inspector; and (2) the ALJ's alternative vocational finding at step five that the Plaintiff could make a successful adjustment to the positions of retail sales person, lumber grader, and appointment clerk is not supported by substantial evidence. (Doc. 18 at 6-9, 15). The Commissioner counters that the ALJ's finding at step four, as well as his alternative finding at step five, is sufficiently

---

[5] Decisions of the former Fifth Circuit issued prior to October 1, 1981, bind this Court. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981).

buttressed by the record. *Id.* at 9-19. Upon a thorough review of the record and the parties' submissions, the Court finds no reversible error.

A.

As noted above, the ALJ must determine at step four of the sequential evaluation process whether the claimant has the RFC to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). To do so, an ALJ must examine all of the relevant evidence of record and assess what a claimant can do in a work setting despite any physical or mental restrictions caused by his impairments and related symptoms. *Id.* at § 404.1545(a)(1). In rendering this determination, the ALJ must consider any medical opinions of record, all of the claimant's medically determinable impairments, the total limiting effects of each impairment, and the claimant's subjective symptoms. *Id.* at §§ 404.1520(e), 404.1545(a)(2); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole"). In the end, the final responsibility for deciding a plaintiff's RFC rests with the ALJ. 20 C.F.R. § 404.1527(d).

In an effort to undermine the ALJ's RFC determination here, the Plaintiff submits that "no reasonable person[ ]" could find—as the ALJ did—that the Plaintiff could climb and descend ladders up to one-third of the day given the Plaintiff's knee issues. (Doc. 18 at 8). Instead, the Plaintiff claims that the "un-contradicted" medical evidence shows his difficulties with his knee would impede such activity. The Court disagrees.

buttressed by the record. *Id.* at 9-19. Upon a thorough review of the record and the parties' submissions, the Court finds no reversible error.

A.

As noted above, the ALJ must determine at step four of the sequential evaluation process whether the claimant has the RFC to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). To do so, an ALJ must examine all of the relevant evidence of record and assess what a claimant can do in a work setting despite any physical or mental restrictions caused by his impairments and related symptoms. *Id.* at § 404.1545(a)(1). In rendering this determination, the ALJ must consider any medical opinions of record, all of the claimant's medically determinable impairments, the total limiting effects of each impairment, and the claimant's subjective symptoms. *Id.* at §§ 404.1520(e), 404.1545(a)(2); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole"). In the end, the final responsibility for deciding a plaintiff's RFC rests with the ALJ. 20 C.F.R. § 404.1527(d).

In an effort to undermine the ALJ's RFC determination here, the Plaintiff submits that "no reasonable person[ ]" could find—as the ALJ did—that the Plaintiff could climb and descend ladders up to one-third of the day given the Plaintiff's knee issues. (Doc. 18 at 8). Instead, the Plaintiff claims that the "un-contradicted" medical evidence shows his difficulties with his knee would impede such activity. The Court disagrees.

buttressed by the record. *Id.* at 9-19. Upon a thorough review of the record and the parties' submissions, the Court finds no reversible error.

A.

As noted above, the ALJ must determine at step four of the sequential evaluation process whether the claimant has the RFC to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). To do so, an ALJ must examine all of the relevant evidence of record and assess what a claimant can do in a work setting despite any physical or mental restrictions caused by his impairments and related symptoms. *Id.* at § 404.1545(a)(1). In rendering this determination, the ALJ must consider any medical opinions of record, all of the claimant's medically determinable impairments, the total limiting effects of each impairment, and the claimant's subjective symptoms. *Id.* at §§ 404.1520(e), 404.1545(a)(2); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole"). In the end, the final responsibility for deciding a plaintiff's RFC rests with the ALJ. 20 C.F.R. § 404.1527(d).

In an effort to undermine the ALJ's RFC determination here, the Plaintiff submits that "no reasonable person[ ]" could find—as the ALJ did—that the Plaintiff could climb and descend ladders up to one-third of the day given the Plaintiff's knee issues. (Doc. 18 at 8). Instead, the Plaintiff claims that the "un-contradicted" medical evidence shows his difficulties with his knee would impede such activity. The Court disagrees.

The ALJ thoroughly reviewed the medical evidence, as well as the Plaintiff's subjective complaints, and found that they did not support the disabling limitations the Plaintiff alleged. As outlined in the Commissioner's portion of the memorandum (Doc. 18 at 11-14), the ALJ acknowledged that the Plaintiff injured his knee during a fall in November 2015, and that this injury led to surgery and physical therapy (R. 19). The ALJ also outlined, in generous detail, why he discounted the Plaintiff's subjective complaints of the symptoms associated with that knee injury. (R. 20). Furthermore, the ALJ evaluated the opinion of the state agency medical consultant, Edmund Molis, M.D., who opined in July 2016 that the Plaintiff was capable of light work and able to frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds. (R. 21, 63-71). In finding Dr. Molis's opinion consistent with the record, the ALJ specifically noted that no treating source had opined that the Plaintiff had limitations greater than those the ALJ set forth in his decision. (R. 21).[6] Thus, far from being uncontradicted, as the Plaintiff urges, the medical evidence supports the ALJ's determination, and the Plaintiff fails to show otherwise.

B.

In light of the above finding, the Court need not entertain the Plaintiff's second claim of error that the ALJ erred in making his alternative finding at step five. *See, e.g., Sheehan v. Comm'r of Soc. Sec.*, 2017 WL 4231104, at *16 (M.D. Fla. Sept. 25, 2017)

---

[6] Additionally, contrary to the Plaintiff's suggestion that his obesity prevented him from climbing ladders (Doc. 18 at 9) and that the ALJ failed in some way to consider this factor, the ALJ addressed the Plaintiff's obesity and stated that he "fully considered" it in making the RFC assessment (R. 17).

(finding any potential error in an alternative step-five finding "would be harmless as it would not affect the ultimate conclusion"). The Court will address the issue, however, in the interest of completeness.

The gist of the Plaintiff's second argument is that there is "no evidence or testimony" showing he had acquired the skills that would allow him to perform the alternative jobs identified by the ALJ (i.e., retail sales person, lumber grader, and appointment clerk) with "very little, if any, vocational adjustment." (Doc. 18 at 15). This contention fails for a number of reasons.

As an initial matter, the Plaintiff's argument—which consists of three sentences—is perfunctory, lacking in any meaningful analysis, and therefore waived. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (finding that an issue was waived because the claimant did not elaborate on the claim or cite authority); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authorities, are generally deemed to be waived."); *Brinson v. Comm'r of Soc. Sec.*, 2019 WL 5332715, at *2 n.3 (M.D. Fla. Sept. 30, 2019) (finding that conclusory argument was "perfunctory" and "therefore waived" and collecting cases), *report and recommendation adopted*, 2019 WL 5326693 (M.D. Fla. Oct. 21, 2019).

The Plaintiff's argument is also legally and factually unsupported. Although the ALJ was not required to do so given his step-four finding that the Plaintiff was capable of performing his past relevant work, the ALJ nonetheless proceeded to step five to make an alternative vocational finding. While the Commissioner bears the

8

burden at step five, there are "two avenues by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy"—by application of the Medical-Vocational Guidelines (the grids) or through the testimony of a VE. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Where, as here, the ALJ finds that the claimant has nonexertional limitations, "the ALJ may use [the grids] as a framework to evaluate vocational factors, but must also introduce independent evidence, preferably through a [VE's] testimony, of [the] existence of jobs in the national economy that the claimant can perform." *Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002).

The ALJ in this case did what he was mandated to do. Using the grids as a guide for his decision and relying on the VE's testimony, the ALJ found that the Plaintiff could perform the jobs of retail sales person, lumber grader, and appointment clerk, which the ALJ found exist in significant numbers in the national economy. (R. 23). In making this finding, the ALJ articulated that he had inquired of the VE "if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and [RFC] as the [Plaintiff], *and which require skills acquired in the [Plaintiff's] past relevant work but no additional skills.*" (R. 23) (emphasis added). Indeed, the hearing transcript reflects that the ALJ asked the VE about the Plaintiff's transferrable skills; that the VE stated the Plaintiff had such skills (which the VE identified); and that the VE also testified those skills would allow the Plaintiff to engage in the above-identified occupations. (R. 42-43). The ALJ adopted the VE's testimony in his decision and, in doing so, explicitly noted that "the jobs listed

by the [VE] are so similar to the [Plaintiff's] previous work that [he] would need to make very little, if any, vocational adjustment . . . ." (R. 23). The Court finds this determination to be supported by substantial evidence, and the Plaintiff fails to demonstrate that additional testimony or evidence was required.

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

DONE and ORDERED in Tampa, Florida, this 17th day of March 2020.

*Christopher P. Tuite* (signature)
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record